UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cr-00082-TWP-MJD-1 |
| | ) |
| KEITH J. JONES, also known as KEYBO, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER**

This matter is before the Court on Defendant, Keith J. Jones' ("Jones") Motion to Reconsider Detention Order and Placement or in the Alternative Grant Defendant Pretrial Release, (Filing No. 438). Jones asks the Court to reconsider the order of detention entered against him on August 1, 2022 (Filing No. 230), and order that he be placed in another detention facility in which he can receive needed medical care while awaiting trial; or in the alternative, grant him pretrial release. A hearing on Jones' Motion was held on April 17, 2023. Jones appeared in person and by counsel Ross Thomas. The Government appeared by Assistant United States Attorney Brad Blackington. Jones presented testimony from the following witnesses: Yvette Dupree ("Nurse Dupree"), Dr. Bryant King ("Dr. King"), and Keith Jones. The Government presented testimony from the following witnesses: Amanda Hall ("Nurse Hall") and Special Agent Matt Holbrook. The Motion was taken under advisement. For the following reasons, the Motion is **denied**; however, the Court directs the United States Marshals Service to take measures to ensure better care for Jones.

**I. BACKGROUND**

Jones, a 54-year-old male, is charged by Superseding Indictment with Count 1: Conspiracy to Distribute Controlled Substances, Count 2: Continuing Criminal Enterprise, Count 3: Conspiracy to Launder Monetary Instruments, and Counts 22 and 23: Possession of a Firearm by a Convicted Felon. (Filing No. 503.) Jones faces a statutory mandatory minimum of 10 years up to life imprisonment on Count 1, and life imprisonment on Count 2. (Filing No. 5.) The Government moved for pretrial detention and a detention hearing was held on July 28, 2023 (Filing No. 228) and an Order of Detention was entered on August 1, 2022 (Filing No. 230). At the detention hearing, Jones presented evidence that he suffers from numerous medical conditions, including End Stage Renal Disease, which requires dialysis three times per week, as well as tachycardia, profound hypertension, secondary hyperparathyroidism, and intermittent precordial chest pain. Following the detention hearing, the Magistrate Judge determined that Jones should be detained. The Magistrate Judge found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community; and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Jones' appearance as required. *Id*. at 2. The Magistrate Judge explained the reasons for detention which included:

> The weight of evidence against the defendant is strong;
> Subject to lengthy period of incarceration if convicted;
> Prior criminal history;
> History of violence or use of weapons;
> Lack of stable employment;
> Lack of stable residence;
> Prior violations of probation, parole, or supervised release.

*Id*. at 2-3. The Magistrate Judge considered Jones' health conditions and confirmed the obligation of the United States Marshal to direct that appropriate treatment for these conditions be provided. *Id*. 3. The Magistrate Judge then found by a preponderance of the evidence, that despite Mr. Jones'

medical conditions—and in light of the penalties that Jones faces if convicted as well as other circumstances—Jones "poses a risk of non-appearance that cannot reasonably be addressed by conditions of release." *Id*. With respect to the danger factor, the Magistrate Judge found there was clear and compelling evidence of Jones' endangerment of a child. *Id*.

     Jones is presently detained at the Marion County Jail in Indianapolis, Indiana. Since being housed at the Marion County Jail, he has had ongoing issues regarding his medical treatment. These issues include missed or rescheduled dialysis treatment and a failure to adequately address his extreme hypertension and rapid heartbeat. There have been times when Jones missed (or discontinued early) his dialysis because he was too weak to physically sit for dialysis. There have also been times when Jones refused his medication when his medication was brought at unscheduled times, or because he was asleep. There have been times when Jones' blood pressure or heart rate has been unacceptably high and on two occasions, he has been transported to an outside hospital for treatment.

     Jones' physician, Dr. King, testified that failure to receive dialysis and his other medications in a timely manner are extremely dangerous to Jones' health and well-being.

     Special Agent Holbrook testified concerning wiretap calls, showing nine occasions prior to Jones' arrest—in a three-and-a-half month time period—in which Jones did not report for his dialysis treatment because Jones was "too busy" doing other things, including the alleged drug trafficking activities charged in this case.

     Nurse Hall, the Health Services Administrator for Willow Path, the contracted medial provider at the Marion County Jail, presented testimony that the Marion County Jail is equipped with a dialysis treatment facility. There are presently four inmate patients taking dialysis treatments, and one nurse to handle them. A physician also oversees the process. Nurse Hall

3

monitors the treatment that inmates receive while in the Marion County Jail. The normal procedure when a patient refuses medication requires the patient to sign a refusal form. Nurse Hall's records show that during the month of April 2023, Jones refused to take his high blood pressure medication on eleven occasions and refused to take his binders on seven occasions. However, those refusal forms were not signed by Jones. Moreover, a patient is given a 'refusal' if the medication is given at a nonscheduled hour or if the person is asleep when the medication is delivered. Nurse Hall is unaware of how many of Jones' refusals are documented.

The Court has conferred *in camera* with a deputy Marshal and has been advised that pretrial detention at a Bureau of Prisons ("BOP") facility requires a court order and even with an order, is difficult to achieve due to lack of hospital bed availability. The deputy Marshal reports that the Marion County Jail is the only contracted facility that offers in-house dialysis treatments. Placement at another county jail would be challenging because Jones would have to be transferred three times per week to an outside facility for his dialysis treatments.

## II. DISCUSSION

Under 18 U.S.C. § 3142(f), a pretrial detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Court determines that Jones' pretrial detention hearing may be reopened as the circumstances surrounding his medical care and treatment while in detention were not known to Jones at the time of his detention hearing.

Jones' counsel argues that the Marion County Jail is simply not equipped to provide treatment in a manner that Jones needs. Jones disputes allegations that he has been noncompliant

with his medications and treatment and blames any noncompliance on jail personnel's failures. He requests that he be hospitalized at a BOP facility or other county jail where he can receive proper treatment. In the alternative, Jones asks the Court to release him pretrial so that he can resume dialysis treatment with his private physician. Jones argues he is not a flight risk and he does not have the means to travel given his medical condition.

The Government argues that Jones has not shown that his current treatment was inadequate or insufficient in any way. Neither his treating dialysis physician, Dr. King, nor Nurse Dupree have examined Jones since July 2022, so they have no firsthand knowledge concerning Jones' condition. The Government points out that Jones exchanged numerous text messages with Nurse Dupree reporting that "yes, he was receiving his blood pressure medicine", and, "yes, he was receiving his binders." The "only testimony we have that [Jones'] medical treatment is inadequate is [Jones] himself", and the Government asserts that Jones' testimony lacks credibility. The Government contends there is no evidence that supports the conclusion that Jones is not getting blood pressure or binder medication, that he's not getting it at regular intervals, or that he's not getting decent medical treatment at the Marion County Jail.

The Court is not persuaded that Jones cannot get proper dialysis treatment at the Marion County Jail. There are presently only four dialysis patients (which includes Jones) at the jail and one dialysis nurse on staff to care for them. The credible evidence shows that Jones is able to receive proper dialysis treatment while in custody. On the one occasion when the dialysis equipment malfunctioned, Jones was transported to a hospital facility to receive his regularly scheduled dialysis treatment. The Court is also unpersuaded that Jones is unable to receive his prescribed medications while in the Marion County Jail. The Court has consulted with the deputy Marshals and agrees with the Marshal service that at present, the Marion County Jail is the best

facility available to care for Jones' medical needs. Jones' request for transfer to the BOP or other facility that can provide better treatment is **denied**.

Jones' alternative request for release from detention is also **denied**. The credible testimony and information submitted at the hearing established by clear and convincing evidence that even while a dialysis patient, Jones represents an unacceptable danger to the community and a substantial risk of nonappearance. Jones has been a dialysis patient since 2019 and the charged offenses all occurred after 2019. Jones' preexisting medical conditions have no bearing on the issue of whether there are conditions of release that would assure the safety of any other person and the community. *Hundley*, 2008 WL 2566748, at *2 (finding that the "evidence regarding the medical condition of [defendant] does not affect the Court's finding as to the Defendant's assured appearance at future Court hearings and the safety of any other person and the community). As noted by the Magistrate Judge, despite Mr. Jones' medical conditions–and in light of the penalties that Jones faces if convicted as well as other circumstances–Jones "poses a risk of non-appearance that cannot reasonably be addressed by conditions of release." (Filing No. 230). With respect to the danger factor, nothing has changed the Magistrate Judges finding of clear and compelling evidence of Jones' endangerment of a child and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Jones' appearance as required.

Although the Court is sympathetic to Jones' medical conditions, the nature of his conditions, while serious, are the type that can be properly addressed by medical personnel while he is in custody.

### III.  CONCLUSION

For the reasons set forth above, Jones' Motion to Reconsider Detention Order and Placement or in the Alternative Grant Defendant Pretrial Release, (Filing No. 438), is **DENIED.**

The Court is not persuaded that Jones cannot get proper dialysis medical treatment at the Marion County Jail, therefore, his request for detention at the BOP or another facility is **denied**. The Court concludes that despite his health conditions, Jones remains both a danger to the community and a risk of flight. The Court finds that no combination of conditions exist to prevent risk of flight and ensure the safety of the community if Jones is released. Therefore, his alternative request for pretrial release is **denied**.

The Deputy U.S. Marshal is directed to communicate with Marion County Jail to take measures to ensure better care for Jones and to provide better record keeping concerning Jones' care and medication refusals.

If court intervention is needed in the future to address proper medical care, Jones' counsel may make that request.

**SO ORDERED.**

Date:  4/25/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ross G. Thomas
THE LAW OFFICE OF ROSS G. THOMAS
rossthomas@defenselawyerindiana.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE
kelsey.massa@usdoj.gov