UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cr-00082-TWP-MJD |
| | ) | |
| KEITH J. JONES | ) | |
|    a/k/a KEYBO, | ) | -01 |
| KEVIN M. BACKSTROM, | ) | -02 |
| CHARLES DAVIS, | ) | -11 |
| ANTHONY MOORE, | ) | -13 |
| HERMAN WESLEY TAVORN | ) | |
|    a/k/a WES, | ) | -22 |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING GOVERNMENT'S FIRST MOTION IN *LIMINE*

This matter is before the Court on Plaintiff United States of America's ("Government") First Motion in *Limine* (Filing No. 724). The Government seeks a preliminary ruling from the Court as to whether the jury may use transcripts of recordings obtained through the use of wire and electronic surveillance during deliberations. For the following reasons, the Government's First Motion in *Limine* is **granted**.

### I.    BACKGROUND

This matter is set for a multi-week jury trial beginning on Monday, October 23, 2023, against Defendants Keith Jones ("Jones"), Kevin Backstrom ("Backstrom"), Davis, Anthony Moore ("Moore"), and Herman Tavorn ("Tavorn") on several counts charged in the Superseding Indictment.

**Defendant Jones** is charged in Count One: Conspiracy to Distribute Controlled Substances; Count Two: Engaging in a Continuing Criminal Enterprise; Count Three: Conspiracy to Launder Money Instruments; Counts Four and Nineteen: Distribution of Methamphetamine;

Counts Nine, Ten, Fourteen, and Fifteen: Possession of Methamphetamine with Intent to Distribute; Counts Twelve and Sixteen: Distribution of Fentanyl; Count Twenty-One: Possession of Fentanyl with Intent to Distribute; and Counts Twenty-Two and Twenty-Three: Possession of a Firearm by a Convicted Felon. **Defendant Backstrom** is charged in Count One: Conspiracy to Distribute Controlled Substances; and Count Three: Conspiracy to Launder Money Instruments. **Defendant Moore** is charged in Count One: Conspiracy to Distribute Controlled Substances; Count Seven: Possession of Methamphetamine with Intent to Distribute; Count Twenty-Five: Possession of Cocaine Hydrochloride with Intent to Distribute; and Count Twenty-Six: Possession of Fentanyl with Intent to Distribute. **Defendant Tavorn** is charged in Count One: Conspiracy to Distribute Controlled Substances; and Count Thirteen: Possession of Fentanyl with Intent to Distribute. **Defendant Davis** is charged in Count Five: Possession of Cocaine Hydrochloride with Intent to Distribute.

## II.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## III.  DISCUSSION

Between September 13 and 20, 2023, the parties filed several motions in *limine* and other pretrial motions. Defendants have not filed any responses in opposition to the Government's motions in *limine*, though some of their pretrial motions, in substance, oppose the Government's requests. In this Order, the Court will address the Government's First Motion in *Limine*. The parties' remaining pretrial motions will be ruled on by separate order.

The Government's asks the Court for a preliminary ruling allowing jurors to use transcripts of wiretap recordings during deliberations. The Government submits a litany of cases in which the Seventh Circuit has upheld the practice of allowing jurors to use transcripts of recordings during deliberations, even in cases involving the English language. *See United States v. Neighbors*, 590 F.3d 485, 495 (7th Cir. 2009); *United States v. Breland*, 356 F.3d 787, 794 (7th Cir. 2004); *United States v. Magana*, 118 F.3d 1173, 1184 (7th Cir. 1997); *United States v. Crowder*, 36 F.3d 691, 697 (7th Cir. 1994); *United States v. Camargo*, 908 F.2d 179, 183 (7th Cir. 1990); *United States v. Doerr*, 886 F.2d 944, 966 (7th Cir. 1989); *United States v. Dorn*, 561 F.2d 1252, 1257 (7th Cir. 1977).

Defendants have not responded in opposition to this request. In light of the Seventh Circuit's consistent decisions upholding the practice of allowing jurors to use transcripts of audio recordings during deliberations, the motion in *limine* is granted.

## IV.  CONCLUSION

For the foregoing reasons, the Government's First Motion in *Limine* ([Filing No. 724](#)) is **GRANTED**.

**SO ORDERED**.

Date:    10/3/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Ainuddin Ahmed
DOJ-USAO
aineahmed@aineahmedlaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Jonathan A. Bont
Frost Brown Todd LLP
jbont@fbtlaw.com

Peter S Herrick
Peter S. Herrick, Attorney at Law
pssherrick@gmail.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Ross G. Thomas
The Law Office of Ross G. Thomas
rossthomas@defenselawyerindiana.com

Stacy R. Uliana
ULIANA LAW
stacy@ulianalaw.com

Maxwell Bryant Wiley
BALDWIN PERRY & KAMISH, P.C.
max@criminaldefenseteam.com