## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:22-cr-00082-TWP-MJD |
| KEITH J. JONES a/k/a KEYBO, | ) ) | -01 |
| KEVIN M. BACKSTROM, | ) | -02 |
| CHARLES DAVIS, | ) | -11 |
| ANTHONY MOORE, | ) | -13 |
| HERMAN WESLEY TAVORN a/k/a WES, | ) ) | -22 |
| Defendants. | ) ) | |

### ENTRY ON GOVERNMENT'S *SANTIAGO* PROFFER

The Government has filed a Proffer in Support of the Admissibility of Co-Conspirators' Declarations (a "*Santiago* proffer"). ([Filing No. 826](Filing No. 826).) For the reasons stated below, the Court finds the proffer is sufficient and the statements are conditionally deemed admissible.

### I.  LEGAL STANDARD

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E)

the declaration was made during the course and in furtherance of the conspiracy. The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978). In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

The Seventh Circuit has approved and encouraged the use of a government proffer in satisfying its burdens of independently establishing the foundation for admissibility of a co-conspirator's statement. *See United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985). The proffer option has the advantage of economy, witnesses will not have to be brought in twice, and the Court will not spend an excessive amount of time making the determination which is only preliminary. *Id*.

## II.   DISCUSSION

The Superseding Indictment alleges that Keith Jones ("Jones") was the leader of a drug trafficking organization that distributed methamphetamine, fentanyl and cocaine in the Indianapolis, Indiana area beginning in September 2020 through July 21, 2022. (Dkt. 503.) Kevin Backstrom ("Backstrom"), a resident of Los Angeles, California allegedly supplied Jones with methamphetamine, fentanyl, and cocaine for distribution. *Id*. Herman Wesley Tavorn ("Tavorn") allegedly received fentanyl and methamphetamine from a member of the conspiracy and distributed it in the Indianapolis area. *Id*. Anthony Moore ("Moore") and Charles Davis ("Davis")

allegedly distributed methamphetamine, fentanyl, and cocaine for Jones. *Id*. This drug conspiracy originally involved twenty-one defendants, but only five co-defendants—Jones, Backstrom, Davis, Moore and Tavorn—are scheduled to proceed to jury trial on October 23, 2023.

The Superseding Indictment ([Filing No. 503](#)) charges all five Defendants in Count One: Conspiracy to Distribute Controlled Substances from September 2020 through July 21, 2022. Count Two charges Jones with Continuing Criminal Enterprise from September 2020 through July 21, 2022. Count Three charges Jones and Backstrom with Conspiracy to Launder Monetary Instruments from September 2020 through July 21, 2022. Count Four charges Jones with Distribution of Methamphetamine on May 27, 2022. Count Five charges Davis with Possession of Cocaine Hydrochloride with Intent to Distribute on May 27, 2022. Count Seven charges Moore with Possession of Methamphetamine with Intent to Distribute on June 1, 2022. Count Nine charges Jones with Possession of Methamphetamine with Intent to Distribute on June 7, 2022. Count Ten charges Jones with Possession of Methamphetamine with Intent to Distribute on June 10, 2022. Count Twelve charges Jones with Distribution of Fentanyl on June 14, 2022. Count Thirteen charges Tavorn with Possession of Fentanyl with Intent to Distribute on June 14, 2022. Count Fourteen charges Jones with Possession of Methamphetamine with Intent to Distribute on June 19, 2022. Count Fifteen charges Jones with Possession of Methamphetamine with Intent to Distribute on June 25, 2022. Count Sixteen charges Jones with Distribution of Fentanyl on July 14, 2022. Count Nineteen charges Jones with Distribution of Methamphetamine on July 19, 2022. Count Twenty-One charges Jones with Possession of Fentanyl with Intent to Distribute on July 21, 2022. Counts Twenty-Two and Twenty-Three charge Jones with Possession of a Firearm by a Convicted Felon on July 21, 2022. Count Twenty-Five charges Moore with Possession of Cocaine

with Intent to Distribute on July 21, 2022.  Count Twenty-Six charges Moore with Possession of Fentanyl with Intent to Distribute on July 21, 2022.

The proffer was filed under seal on October 16, 2023. ([Filing No. 826](#)).  To date, no Defendant has filed an objection to the *Santiago* proffer.  The proffer summarizes the evidence that will establish, by a preponderance of the evidence, that the Defendants conspired with each other and others to traffic drugs and to launder the proceeds of the drug trafficking.  The proffered evidence includes testimony concerning the actions of the Defendants, physical evidence, and the statements to be offered pursuant to Federal Rule of Evidence 801(d)(2)(E).  The proffer also summarizes the statements of the co-conspirators and other members of the conspiracy regarding: statements between and among the witness-conspirators and other members of the conspiracy and statements regarding: shipments and deliveries of controlled substances; transportation of controlled substances and currency; making arrangements to meet; the roles and participation of the various conspirators; arrangements concerning different quantities of controlled substances and prices to be charged; arrangements concerning payments of currency to various members of the conspiracy; efforts to collect money from various members of the conspiracy; arrangements for buying and selling controlled substances; efforts to solicit new drug customers; the potential cooperation of other individuals; measures calculated to avoid law enforcement; and discussions of loss of controlled substances, money and firearms through law enforcement actions and otherwise, in order to recover from such losses and to determine the reason for the loss and prevent recurrence.

The members of the conspiracy who allegedly made admissible statements include Keith Jones, Kevin Backstrom, Jamie Rayner, Charles Davis, Anthony Moore, Marcus Miles, Sean Devonish, Herman Wesley Tavorn, Tameka Washington, Katrina Green, Jerry Bibbs, Danyale

Buchanan, Ladonna Jones, Steve Young, Emmanuel O'Hara, "Body," Imani Jones, Michael Hill, Jacob ONU, Jeffrey West, "Tony Baloney," and Theodore Poinsett.

The Court has reviewed the Government's proffer in detail. The proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence. *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). Regarding the two charged conspiracies, the Government's proffer provides sufficient evidence to convince the Court by a preponderance of the evidence that (1) the conspiracy existed, (2) the Defendants and other declarants were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy. *See United States v. Cox*, 923 F.2d 519 (7th Cir. 1991). Thus, the Court accepts the proffer pursuant to *United States v. Santiago* and makes a preliminary finding that a conspiracy existed for the admission of statements pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

### III.  CONCLUSION

The co-conspirator statements summarized by the Government in its proffer are conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial of this matter, subject to the Defendants' right to later object if the proffered evidence does not materialize. Further, nothing in this Order precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial. The proffer therefore is conditionally **GRANTED.**

**SO ORDERED.**

Date: 10/19/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ainuddin Ahmed
Ahmed Law Firm
aineahmed@aineahmedlaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Jonathan A. Bont
Frost Brown Todd LLP
jbont@fbtlaw.com

Peter S Herrick
Peter S. Herrick, Attorney at Law
pssherrick@gmail.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Ross G. Thomas
The Law Office of Ross G. Thomas
rossthomas@defenselawyerindiana.com

Stacy R. Uliana
ULIANA LAW
stacy@ulianalaw.com

Maxwell Bryant Wiley
BALDWIN PERRY & KAMISH, P.C.
max@criminaldefenseteam.com