UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cr-00082-TWP-MJD |
| KEITH J. JONES | ) |
|    a/k/a KEYBO, | ) -01 |
| KEVIN M. BACKSTROM, | ) -02 |
| CHARLES DAVIS, | ) -11 |
| ANTHONY MOORE, | ) -13 |
| HERMAN WESLEY TAVORN | ) |
|    a/k/a WES, | ) -22 |
| Defendants. | ) |

**ORDER ON GOVERNMENT'S SIXTH MOTION IN *LIMINE***

This matter is before the Court on the Plaintiff United States of America's (the "Government") Sixth Motion in *Limine* (Filing No. 823). The Government seeks a preliminary ruling from the Court regarding the admissibility of certain prior criminal convictions for impeachment purposes pursuant to Federal Rule of Evidence 609(b). For the reasons stated below, the motion *in limine* is **granted**.

## I.    DISCUSSION

Federal Rule of Evidence 609 allows the admission of evidence of prior criminal convictions when used to impeach a witness, but different standards apply depending on whether the prior conviction is more or less than ten years old.  Rule 609 states that when attacking a witness's truthfulness, "evidence of a criminal conviction . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B).  But:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later [then the] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

F.R.E. 609(b). So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect. And beyond ten years, the conviction's probative value must substantially outweigh the prejudicial effect.

On October 16, 2023, the Court ordered Defendants to file a response, if any, to the Government's Motion no later than October 18, 2023 (Filing No. 831). On October 18, 2023, Defendant Herman Tavorn ("Tavorn") filed a response (Filing No. 833). Tavorn states he intends to offer evidence of one of the witness's prior convictions that the Government lists in its Motion but does not identify as admissible under Rule 609(b). Tavorn asserts that the admissibility of this prior conviction should be made after the witness testifies, and that Tavorn will seek permission to admit evidence of this prior conviction outside the presence of the jury. Tavorn's response does not oppose the Government's request to admit the prior convictions that the Government contends are admissible under Rule 609(b).

As of the date of this Order, no other Defendant has filed a response to the Government's Sixth Motion in *Limine*. Having reviewed the proposed 609(b) evidence, and there being no opposition by any Defendant, the motion is granted. The Court further finds the probative value of the proposed evidence outweighs any undue prejudice.

## II.   CONCLUSION

For the reasons explained above, the Court **GRANTS** the Government's Sixth Motion in *Limine* (Filing No. 823). The Government may offer evidence of the prior criminal convictions identified in its Sixth Motion in *Limine* as admissible under Rule 609(b). If any Defendant intends

2

to offer evidence of any other prior criminal convictions at trial, then that Defendant must first seek permission to offer such evidence outside the presence of the jury.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED**.

Date:   10/19/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Ainuddin Ahmed
Ahmed Law Firm
aineahmed@aineahmedlaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Jonathan A. Bont
Frost Brown Todd LLP
jbont@fbtlaw.com

Peter S Herrick
Peter S. Herrick, Attorney at Law
pssherrick@gmail.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Ross G. Thomas
The Law Office of Ross G. Thomas
rossthomas@defenselawyerindiana.com

Stacy R. Uliana
ULIANA LAW
stacy@ulianalaw.com

Maxwell Bryant Wiley
BALDWIN PERRY & KAMISH, P.C.
max@criminaldefenseteam.com