# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-00082-TWP-MJD |
| | ) | |
| KEITH J. JONES, | ) | -01 |
| KEVIN M. BACKSTROM, | ) | -02 |
| CHARLES DAVIS, | ) | -11 |
| ANTHONY MOORE, | ) | -13 |
| HERMAN WESLEY TAVORN, | ) | -22 |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS MOORE'S AND BACKSTROM'S MOTION TO SEVER

This matter is before the Court on an oral motion to sever made by Defendant Anthony Moore and joined by Defendant Kevin Backstrom. Moore and Backstrom move for separate trials, arguing that the references to "Kev" and "Mo" in Government's Exhibit 1423 (Defendant Keith Jones composition notebook/ledger) are testimonial statements made by Jones, and their admission therefore violates *Bruton*. Moore and Backstrom contend that the only way to cure the prejudice resulting from the references' admission is to sever their trials and allow them to question Jones about the references.

As the Court explained in its Order on Moore and Backstrom's Motion to Redact, the references to "Kev" and "Mo" in Exhibit 1423 are not testimonial and therefore do not violate the Confrontation Clause or offend *Bruton*. (See Dkt. 908). "*Bruton* . . . dealt with a confession that clearly was inadmissible hearsay as to the nonconfessing defendant and *does not control* [when] . . . the codefendant's statements complained of clearly are admissible as statements made by a co-conspirator in furtherance of a conspiracy." *United States v. Williams*, 858 F.2d 1218, 1224 (7th

Cir. 1988) (emphasis added).

The Seventh Circuit has defined "testimonial evidence" as formal statements made to government officials, or formalized testimonial materials like affidavits and depositions, that are destined to be used in judicial proceedings. *United States v. Wehrle*, 985 F.3d 549 (7th Cir. 2021). There has been no evidence indicating that Jones anticipated any future judicial proceedings, or that he wrote references to "Kev" and "Mo" in anticipation of any such proceedings.

The evidence instead indicates that the statements were made during and in furtherance of a conspiracy. Under Federal Rule of Evidence 801(d)(2)(E), to offer a statement of a coconspirator made during and in furtherance of a conspiracy, "[t]he government must prove by a preponderance of the evidence that '(1) a conspiracy existed; (2) the defendant and declarant were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy.'" *United States v. Medrano*, 83 F.4[th] 1073, 1076 (7th Cir. 2023) (quoting *United States v. Singleton*, 125 F.3d 1097, 1107 (7th Cir. 1997)).

Over the past three and a half weeks, the Government has offered ample evidence to prove, more likely than not, that a conspiracy existed; that Jones, Backstrom, and Moore were members of that conspiracy; and the statements—made in an alleged drug ledger or "owe sheet"—were made during and in furtherance of that conspiracy. Documents—including ledgers—that can be considered "tools of the drug trade" constitute statements made during the course and in furtherance of the conspiracy. *United States v. Thornton,* 197 F.3d 241, 251 (7th Cir.1999); *see United States v. Nava–Salazar,* 30 F.3d 788, 798 (7th Cir.1994); *United States v. De Gudino,* 722 F.2d 1351, 1356 (7th Cir.1983). Drug ledgers constitute admissions by a coconspirator when made and kept while coconspirators are engaged in the conspiracy. *See U.S.*

*v. Schalk* 515 F.3d768 (7th Circuit 2008).   That was the case here, and the unredacted ledger is clearly admissible.

Because the references to "Kev" and "Mo," <u>are not</u> testimonial and <u>are</u> statements of a co-conspirator made during and in furtherance of a conspiracy under Rule 801(d)(2)(E), the statements do no implicate *Bruton*.   Therefore, the admission of those references does not violate *Bruton*, and separate trials are not necessary or appropriate and the motions to sever are **DENIED**.

**SO ORDERED.**

Date:   11/14/2023

DISTRIBUTION:

Ross G. Thomas
THE LAW OFFICE OF ROSS G. THOMAS
rossthomas@defenselawyerindiana.com

Maxwell Bryant Wiley
BALDWIN PERRY & KAMISH, P.C.
max@criminaldefenseteam.com

Ainuddin Ahmed
aineahmed@aineahmedlaw.com

Jonathan A. Bont
FROST BROWN TODD LLP
jbont@fbtlaw.com

Stacy R. Uliana
ULIANA LAW
stacy@ulianalaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana